[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 27, 2008
THOMAS K. KAHN
CLERK

No. 08-13746
Non-Argument Calendar

D. C. Docket No. 07-01749-CV-T-23-MSS

QIWU ZHENG,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
EMILIO T. GONZALES, as Director of the United States
Citizenship and Immigration Service, KATHY A. REDMAN, as
Interim Director of the Tampa Field Office of the United States
Citizenship and Immigration Services,
US DISTRICT ATTORNEY A. BRIAN ALBRITTON,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(October 27, 2008)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court dismissing appellant Qiwu Zheng's ("Zheng") complaint for a writ of mandamus and declaratory judgment for lack of subject matter jurisdiction.

We review a district court's dismissal of a case for lack of subject matter jurisdiction *de novo*. *Community State Bank v. Strong*, 485 F.3d 597, 604 (11th Cir. 2007).

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly granted the defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. We agree with the district court's finding that, to the extent the complaint sought review of the United States Citizenship and Immigration Services ("USCIS") decision to deny adjustment of status or the underlying discretionary or factual determinations, review was barred by 8 U.S.C. § 1252(a)(2)(B). We also agree with the district court's finding that any genuine constitutional or legal challenge to the denial of Zheng's application for adjustment of status, including his claim of denial of due process, is reviewable "only upon a petition for review filed with an appropriate court of appeals. . . ." R.E.E., p. 12, citing 8 U.S.C. § 1252(a)(2)(D).

2

Accordingly, we affirm the district court's judgment of dismissal.

**AFFIRMED.**[1]

---

[1]The defendants also make a compelling argument that Zheng's appeal is moot because Zheng's complaint no longer presents a live controversy for which any court can give meaningful relief. Validation of his labor certification renders Zheng ineligible for adjustment of status to that of a lawful permanent resident. Even if we assume the defendants are correct, it makes no difference here because the district court's decision that it lacked subject matter jurisdiction is clearly correct.